IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DEIDRE JOSEPH, ) | |
| Plaintiff, ) | |
| v. ) | No.: _____ |
| ) | |
| ) | JURY TRIAL |
| TENNESSEE CVS PHARMACY, LLC. ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, DEIDRE JOSEPH, by and through her attorneys, alleges for her Complaint as follows:

## I. INTRODUCTION

1. Plaintiff brings this action against TENNESSEE CVS PHARMACY, LLC, for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq*.

## II. THE PARTIES

### A. THE PLAINTIFF

2. Plaintiff currently resides in Mount Juliet, Tennessee and is a citizen of the United States.

3. Plaintiff is an FMLA "eligible employee", specifically under 29 U.S.C. Section 2611(2)(A), because she worked more than a year in which she worked in excess of 1,250 hours.

1

## B. THE DEFENDANT

4. Defendant is located within the Middle District of Tennessee and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. Section 2611(4)(A).

5. At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

6. The Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

8. Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c) because Defendant employed Plaintiff in its store in Brentwood, Tennessee (Williamson County).

## IV. FACTS

9. Defendant employed Plaintiff at its location in Brentwood, Tennessee on Franklin Road.

10. On or about December 14, 2010, Plaintiff sustained a "serious health condition" in the form of a severely broken hand due to a dog bite.

11. Plaintiff informed Defendant of her medical condition, her hospitalization, her need for leave from work and her need for "intermittent" leave for physical therapy.

12. Defendant approved the FMLA leave from December 15 through February 17, 2011, advising Plaintiff of this in a February 11, 2011 letter.

13. Plaintiff's physician released her to return to work on February 15, 2011, with the provision that she must continue to attend physical therapy for her hand.

14. Plaintiff advised her supervisor that she needed "intermittent" leave for the physical therapy appointments.

15. In response, Plaintiff's supervisor advised Plaintiff that "we don't do intermittent leave" and that "you must return with no restrictions full duty."

16. Plaintiff explained that she could not forego physical therapy and that she was under doctor's orders to continue it.

17. In response, Plaintiff's supervisor instructed her to just stay off work and to bring in her doctor's notes.

18. On February 23, 2011, Plaintiff met with her supervisor to restate her readiness to return to work with intermittent leave. Plaintiff was no longer drawing short term disability and was ready to return.

19. Plaintiff's supervisor informed Plaintiff on February 23, 2011 that she did not need to bring any more notes because she was terminated for "job elimination."

20. On or about March 14, 2011, Defendant's leave department advised Plaintiff in writing—in contrast to her supervisor—that she was approved for a leave of absence from February 18, 2011 to April 19, 2011.

21. Plaintiff then spoke to the leave department. It told Plaintiff that her job was *not* eliminated and that she had *not* been terminated.

22. So, Plaintiff again requested to return to work and asked why she was getting such inaccurate and conflicting information—confusing and misleading to the point of clear FMLA "interference" for refusing to restore her to work with intermittent leave.

23. On or about April 7, 2011, Defendant reversed course again, stating that Plaintiff *had* been terminated through a "job elimination." This termination damaged Plaintiff by costing her

3

all wages and benefits of her employment. The termination being "willful," she seek liquidated damages. She also seeks costs and reasonable attorneys fees.

## V. COUNT ONE

24. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-23 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise her rights under the FLMA, to wit, misleading Plaintiff about her return to work date and refusing to restore Plaintiff's job.

## VI. COUNT TWO

25. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-23 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(2) of the FMLA by discharging and/or unlawfully discriminating against the Plaintiff for exercising her rights under the FMLA, to wit, requesting a return to work with intermittent leave for physical therapy appointments.

## VIII. PRAYER FOR RELIEF

26. WHEREFORE, the Plaintiff prays for the following relief:

A. That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest;

C. Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

4

D. Reasonable attorneys' fees;

E. The costs and expenses of this action;

F. Such other legal and equitable relief to which Plaintiff may be entitled; and

G. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
Jessica F. Salonus (TN Bar No. 28158)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com
jsalonus@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF